## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

     v.

Michael White

June 10, 1983

Case No. F-83-617

By JUDGE EDWARD L. RYAN, JR.

This matter is currently before the court on motion of defendant to suppress his confession and any other evidence said to have been illegally developed.

Defendant is charged with the armed robbery of a Kentucky Fried Chicken restaurant in Norfolk on June 27, 1982. Subsequently, in a face-to-face confrontation, the restaurant cashier who was robbed could not identify the defendant as the robber.

The defendant had been "fingered" by "[t]wo subjects that are now in the State penitentiary, one being Victor Collier and the other James Bullock," but who had not been involved in the robbery in question. (Detective Jones had never before received any information from Collier and Bullock, and Detective Walker did not say that he had any prior experience with them. He did know that Bullock was serving a sentence of 115 years.) The Norfolk arresting officers learned that defendant was on Navy duty at the Oceana Naval Air Station in Virginia Beach, but they admitted that they did not have reasonable cause, at that time, to arrest defendant for the robbery. In a check of records at Norfolk Police headquarters they found that there was a Virginia Beach warrant for failure to appear outstanding against defendant on a charge of urinating in public in Virginia Beach. Without any assistance or request from Virginia Beach officers the Norfolk officers went to Oceana Naval Air Station, placed defendant in custody, and advised him at 12:00

noon that he was under arrest on the failure to appear warrant. They did not serve the defendant with any warrant or other papers at the time of arrest but he was told he had to come with them to Norfolk. They did not make return to a Virginia Beach magistrate or other judicial official having authority to grant bail as required by Code § 19.2-76.

No mention was made to defendant at Oceana Naval Air Station as to the robbery charge and no arrest was made on that ground, there being no reasonable cause therefor, although he might be a "good suspect." However, Detective Jones said defendant was under arrest for the robbery "from the time we picked him up."

Whereupon, defendant was searched, handcuffed and transported to Norfolk Police headquarters, and not to Virginia Beach Police headquarters, because the Norfolk officers wanted to interrogate him with reference to the robbery charge. He was first told of the robbery charge in Norfolk Police headquarters and given a copy of the failure to appear computer printout at the same time and place. He was also required to complete a Norfolk "cell sheet" giving vital information as to himself.

Defendant was in Norfolk given his *Miranda* warnings at 1:00 P.M. and executed the Norfolk Police Department's Form M-381 acknowledging that he had been given "Legal Rights Advice." Ex. Cl. At no time did defendant demand representation by an attorney.

Defendant steadfastly denied having any connection with the robbery. The interrogation continued "at least two hours." Defendant was then placed in a holding cell for about one and a half hours.

Defendant constantly inquired about being released on bond and the amount thereof and was concerned about being AWOL from the Navy.

He was then brought out of the holding cell and "we (police) went over the entire situation again like we had from the beginning." Finally, defendant began making a statement "after you had him in custody for four to five hours." Almost immediately after his release the defendant in a telephone call repudiated his oral confession saying he made the confession because it was what he knew the officers wanted to hear and most of all because of his fear of getting in trouble in his new Navy job a Oceana Naval Air Station.

### Robbery Arrest

The court agree with the officers that they did not have reasonable grounds or probable cause for defendant's arrest on robbery charges when they arrested him at Oceana Naval Air Station. "It is basic that an arrest with or without warrant must stand upon firmer ground than mere suspicion." *Henry v. United States*, 361 U.S. 98 (1959).

### Pretext Arrest

The issue is whether the defendant's statements should be excluded as the fruit of an illegal arrest. It could be fairly said that the conduct of the police in arresting defendant on a failure to appear charge was sly; but the real question is whether the conduct and the arrest were illegal.

It is patent that the arrest was a pretext concealing an investigatory police motive to examine defendant on the robbery charges. In *South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976), the Supreme Court upheld an inventory search of a motor vehicle, but pointed out that the exception for inventory searches does not apply when the inventory is merely "a pretext concealing an investigatory police motive." But the opinion comes to a sudden halt without stating examples of such pretexts or stating what the result should be if a pretext is apparent. Do all pretexts render the matter void and require a suppression of the evidence "as fruit of the poisonous tree"?

In both *Reese v. Comm.*, 220 Va. 1035 (1980), and *Hart v. Comm.*, 221 Va. 283 (1980), suppression of evidence was granted as to that evidence that was secured pursuant to pretext arrests and searches and seizures.

In the instant case *all* of the evidence against defendant was secured as the result of the pretext arrest made at Oceana Naval Air Station. It follows that defendant White' arrest and seizure violated his Fourth Amendment rights, his confession to the crime of robbery was induced by the unlawful police actions and the confession is rendered inadmissible in evidence against him.

Defendant's motion to suppress is granted.